IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ANDREI LEE ROYSTER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12CV386 |
| v. | ) | 1:95CR90-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Andrei Lee Royster, a federal prisoner, brings a Motion [Doc. #148] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Petitioner pled guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) and one count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  He received a consolidated sentence of 120 months imprisonment as a career offender, to be followed by ten years of supervised release.  Petitioner completed his initial term of imprisonment and several years of supervised release before violating the terms of that release.  This resulted in the revocation of his supervised release and a sentence of 55 months imprisonment with no further supervised release.  Petitioner contends that his sentence is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for the predicate felonies supporting the career offender enhancement. Respondent filed a Motion to Dismiss [Doc. #161] opposing Petitioner's claims.

Petitioner's Simmons claim fails for multiple reasons. First, Petitioner fully completed that sentence and is currently incarcerated only for his supervised release violation. Second, the United States Court of Appeals for the Fourth Circuit recently addressed the question of whether a career offender challenge was cognizable on collateral review, and held that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___U.S. ___, 135 S. Ct. 2850 (2015). Therefore, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding. Finally, even if the claim were cognizable, Petitioner remains a career offender following Simmons. A defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). The terms "crime of violence," "controlled substance offense," and "felony" are defined in USSG § 4B1.2. A "crime of violence" includes a crime involving the use, attempted use, or threatened use of force against the person of another, USSG § 4B1.2(a), while a controlled substance offenses is one "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). Application Note One to that section defines a "felony" as an "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one

year, regardless of whether such offense is designated as a felony and regardless of the actual sentence imposed." The question then is not whether a petitioner was sentenced to more than a year in prison, but whether the crime was "punishable" by more than a year in prison.

Here, Petitioner was determined to be a career offender based on four convictions for assault on a police officer obtained in Durham County, North Carolina, on October 21, 1987, April 3, 1990, July 15, 1990, and October 8, 1990, and a conviction for assault by pointing a gun obtained in Durham County on December 14, 1992. (Presentence Report ¶¶ 36, 41, 44, 47, 48, 50.)[1] All of these convictions occurred prior to October 1, 1994, the effective date of North Carolina's Structured Sentencing Act, which was the statutory sentencing scheme discussed in Simmons. These convictions fell instead under North Carolina's Fair Sentencing Act. Further, the assaults carried a maximum statutory penalty of two years at the time of Petitioner's convictions, which qualifies those prior convictions as career offender predicates. United States v. Alston, No. 94-5498, 1995 WL 331095 (4th Cir. June 2, 1995) (unpublished). Simmons did not change this. See United States v. Smith, 449 F. App'x. 314, 315 (4th Cir. Sept. 30, 2011) (unpublished). Petitioner did not receive more than a year of imprisonment for his convictions for assault on a police officer, but this would not affect the determination. The potential sentence, not the one imposed or the time served, controls under Simmons. See United States v. Thompson, 480 F. App'x. 201, 204 (4th Cir. 2012) (unpublished) (stating "the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of

---

[1] Petitioner points to two other convictions, a conviction for possession of a machine gun and a burglary conviction as being invalid. However, those convictions were not used in the PSR to establish Petitioner's status as a career offender.

greater than one year of imprisonment"); United States v. Swann, 526 F. App'x 265 (4th Cir. 2013) ("In his pro se brief, Swann appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which Swann himself could have been sentenced to a prison term exceeding one year. It is not required that Swann was actually sentenced to serve (or did in fact serve) over one year."); United States v. Harris, 458 F. App'x 297 (4th Cir. 2011). For all of these reasons, Petitioner's Simmons claim should be denied.[2]

In addition to Petitioner's Simmons claim, Petitioner also contends that the judge at the original sentencing erred by sentencing him to two consecutive five-year terms of supervised release. However, he is simply mistaken. His original sentence was to a single ten-year term of supervised release as to the conspiracy conviction. A term of six years supervised release for the distribution of heroin conviction was merged with the ten-year term.

Petitioner also claims that while imposing the sentence after revoking his supervised release, the judge did not provide a sufficient statement of reasons for the sentence.[3] His claim is somewhat unclear, but he cites to both 18 U.S.C. § 3583 and United States v. Thompson, 595 F.3d 544 (4th Cir. 2010), for support. The statutory provision Petitioner cites is totally inapplicable. It requires a written statement of the conditions that a defendant

---

[2] The Government also asserts a statute of limitations defense. However, the Court need not reach the statute of limitations bar, or any potential exceptions to that bar, since Petitioner's Simmons claim is without merit in any event.

[3] At times, Petitioner also appears to seek a written statement explaining why he was originally sentenced to two consecutive five-year terms of supervised release. As noted above, he was not sentenced to consecutive terms of supervised release.

4

must follow while on supervised release, not a statement of the reasons for a defendant's prison sentence upon revocation. Thompson does require a basic statement of reasons for the sentence imposed when imposing a revocation sentence, but in this case such a statement was provided. The sentencing judge found that Petitioner had violated his supervised release by selling a significant amount of heroin to an informant, found that the applicable sentencing range under the appropriate statutes and sentencing guidelines was 51 to 60 months, stated that he was giving Petitioner credit for not being armed during the heroin offense and credit for offering to cooperate with the police upon his arrest, noted that a sentence in the middle of the applicable range satisfied the factors in 18 U.S.C. § 3553(a), and sentenced Petitioner to 55 months of imprisonment. That explanation satisfies the requirements of Thompson and this claim should be denied.

Finally, in a Supplemental Reply [Doc. #174] Petitioner claims that his sentence for violating his supervised release is somehow invalid because he was not properly classified as a career offender at his original sentencing. His claim is unclear but, in any event, as explained above, he was properly classified as a career offender. All of Petitioner's claims fail and his Motion should be dismissed.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #161] be granted, that Petitioner's Motion [Doc. #148] to vacate, set aside or correct sentence be dismissed, and that this action be dismissed.

This, the 21st day of August, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

5